```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNION DE PERIODISTAS, ARTES GRAFICAS Y RAMAS ANEXAS,<br><br>   **Plaintiff**,<br><br>          v.<br><br>SAN JUAN STAR COMPANY,<br><br>   **Defendant**. | **Civil No**. 08-1357 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

**Procedural Background**

This case commenced on March 3, 2008, when Union de Periodistas, Artes Graficas y Ramas Anexas ("UPAGRA"), filed a complaint against the San Juan Star Company pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. The complaint requests enforcement of an arbitration award in case A-05-1515, issued on May 23, 2006, by arbitrator Marilu Diaz-Casañas of the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor ("Bureau"), against the employer, San Juan Star Company ("SJS"). UPAGRA is a labor organization representing employees under the LMRA, and UPAGRA is the exclusive bargaining representative of the members of the appropriate unit of SJS.

The arbitration award was issued pursuant to the grievance procedure of the parties' Collective Bargaining Agreement ("CBA")

Civil No. 08-1357 (FAB)                                                    2

that, *inter alia*, provides for the resolutions of their disputes through a final and binding arbitration process.  (Docket No. 1)

On November 14, 2004, SJS laid-off the following employees represented by UPAGRA:  Ana Delma Ramirez, Francisco Quiñones, Carlos Otero, Marisol Calero and Rafael Pichardo.  In view of these discharges, the arbitrator ordered SJS to reinstate these employees in their positions and award all unearned wages, within 30 days after service of the award.

After the complaint was filed on August 29, 2008, however, SJS ceased its operations.  On September 8, 2008, UPAGRA then amended the complaint in order to allege that SJS closed operations. UPAGRA also modified its prayer for relief, requesting that the payment award on behalf of the aforementioned employees be from November 14, 2004, the date the employees were laid off, until August 29, 2008, the date SJS ceased operations.  (Docket No. 8)

After the summons were issued on October 14, 2009 (Docket No. 11), UPAGRA requested an order to serve the summons on SJS by publication, pursuant to Rule 4.5 of the Puerto Rico Rules of Civil Procedure.  (Docket No. 13)  In support of its request, UPAGRA submitted a sworn statement by Mr. Pedro Luis Hornedo-Colon, retained to serve the summons, stating all the efforts made to serve the summons on SJS.

Civil No. 08-1357 (FAB)                                              3
_____

On February 16, 2010 the Court granted the motion for service by publication. (Docket No. 17) On February 24, 2010, the Clerk issued the summons by publication. (Docket No. 22)

On March 30, 2010, UPAGRA submitted a sworn statement by Mr. Jorge I. Gonzalez, Supervisor of the Legal Notice Department of the Puerto Rico newspaper Primera Hora, stating that the newspaper published the summons on March 4, 2010. UPAGRA included copy of the published edict, in compliance with Rule 4.5 of the Puerto Rico Rules of Civil Procedure. (Docket No. 24) The published summons informed SJS that it was being given notice to appear and answer the complaint within 30 days after the publication of the summons, and that, in case of failure to do so, judgment by default would be entered for the relief demanded in the complaint.

In addition, UPAGRA informed the Court that its legal representative sent a copy of the summons and the complaint by certified mail to SJS. As stated in an affidavit by Carmen Matias, a secretary in the office of UPAGRA's counsel, the United States Postal Service returned the envelope where the summons was sent to SJS's last known address, with a note stating that the postal box had been closed. Therefore, UPAGRA requested to be excused from complying with the notification contained in Rule 4.5 of the Puerto Rico Rules of Civil Procedure (Docket No. 24), which the Court granted (Docket No. 25).

Civil No. 08-1357 (FAB)                                                4

Despite SJS being served on March 4, 2010 through the publication of an edict in Primera Hora, a daily newspaper of general circulation in Puerto Rico, defendant SJS never appeared to answer the complaint.  Consequently, on July 14, 2010, UPAGRA filed a motion for entry of default under Rule 55(a) as to SJS (Docket No. 30).  On that same date, the Clerk entered default as to SJS (Docket No. 32).

## ANALYSIS

UPAGRA brought this case to seek enforcement of an arbitration award issued in case A-05-1515, by arbitrator Marilu Diaz-Casañas.  The arbitration award was enacted under the grievance procedure entered by the parties in their CBA.  According to the pertinent provision of the CBA, an arbitration award shall be final and binding between the parties.  Therefore, UPAGRA contends that because SJS has refused to comply with the arbitration award, it has refused to comply with the terms and conditions established in the CBA.

Section 301 of LMRA states the following:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard the citizenship of the parties".

29 U.S.C. § 185 (a)

> Moreover, section 301 of the LMRA states:
>
>> "For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such labor organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members".

29 U.S.C. § 185 (c)

Accordingly, it has been held that Section 301 of LMRA grants federal courts original jurisdiction over suits for violation of contracts between employers and labor organizations, and is an appropriate forum to seek enforcement of arbitration awards against employers. Williams v. U.S. Steel, 877 F.Supp. 1240 (N.D. Ind. 1995). District courts also have jurisdiction under Section 301 of LMRA in suits to obtain specific enforcement of an arbitrator's award ordering reinstatement and back pay to individual employees. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).

In order for an arbitration award to be enforceable under Section 301 of LMRA, it must be sufficiently precise, in that the arbitrator has identified a specific breach and, where requested, fashioned a remedy. Armco Employees Independent Federation, Inc. v. Armco Steel Co., 65 F.3d 492 (6th Cir. 1995).

Civil No. 08-1357 (FAB)                                                     6
_____

   The complaint provides that the arbitration award to be enforced clearly specifies that under the guise of economic hardship, SJS laid-off Ana Delma Ramirez, Francisco Quiñones, Carlos Otero, Marisol Calero and Rafael Pichardo.  During the arbitration proceeding, however, SJS failed to demonstrate the existence of the economic hardship it claimed to have.  Thus, SJS failed to demonstrate just cause to lay-off these employees.

   As a result, the arbitrator, under the grievance procedure of the CBA, found no just cause for those lay-offs, and ordered SJS to reinstate the employees and pay them all unearned wages within 30 days.  According to the CBA to which UPAGA and SJS agreed, the arbitration award is final and binding.

   Under the laws of the Commonwealth of Puerto Rico:

> "Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfillment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use and law".  Laws of P.R. Ann. tit. 31, § 3375.

   No reason has been invoked or presented to the Court in order to deny the enforcement of the arbitration award issued in case A-05-1512.  The remedy fashioned in the award is sufficiently clear to be enforceable.

Civil No. 08-1357 (FAB)                                                7

After being summoned by the publication of an edict, SJS failed to answer the complaint. A default was entered pursuant to Rule 55 (a) (Docket No. 32). That rule states:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default".

It is a well known principle that on entry of default, the defaulting party admits the well-pleaded factual allegations of the complaint against it, Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267 (11th Cir. 2005). Because SJS failed to answer the amended complaint, it has admitted the well-pleaded facts in the complaint, including that it ceased its operations on August 29, 2008, as alleged in the amended complaint.

Because SJS ceased operations on August 29, 2008, the reinstatement of the employees cannot be enforced at the moment.[1] The part of the award ordering SJS the payment of all unearned wages to the employees, however, can be immediately enforced.

Additionally, because the compensatory award UPAGRA seeks in this case on behalf of the employees was granted as a result of a final and binding arbitration process pursuant to the CBA, the employees are entitled to an additional amount equal to all

---

[1] Nevertheless, were SJS to continue operating its business, the employees would, as a matter of law, be reinstated in their positions.

Civil No. 08-1357 (FAB)                                                8
_____

unearned wages, in accordance with Section 11 of Puerto Rico Public Law No. 180, of July 27, 1998, which states as follows:

> "Any employee or worker who receives compensation for his/her work which is less than that prescribed by this chapter or a collective bargaining agreement or an individual work contract, shall be entitled to collect through a civil suit, the difference owed up to the total amount of the corresponding compensation for wages, vacations and sick leave, or any other benefit, plus an amount equal to that which has not been paid to him/her as additional compensation, plus costs, interest, expenses and fees of the lawyers in the case, notwithstanding other agreement to the contrary".

P.R. Laws Ann. tit. 29 § 250i(a)

Pursuant to the arbitration award issued in case A-05-1512, therefore, the employees are immediately entitled to the payment of all unearned wages from the date of their lay-offs on November 14, 2004, until the date SJS closed its operations on August 29, 2008. Moreover, because this compensation granted by an arbitrator pursuant to the CBA will be collected through this case, the employees are also entitled to an amount equal to the amount owed by the SJS corresponding to the aforementioned period of time, plus costs, interests, expenses and attorney's fees.[2]

---

[2] Pursuant to Molinary v. AAA, 103 D.P.R. 143 (1974) and Morales Gonzalez v. J.R.T., 121 D.P.R. 249 (1988) SJS must pay UPAGRA attorney's fees and legal interest from the date of the arbitration award.

Civil No. 08-1357 (FAB) 9

## CONCLUSION

The Court **GRANTS** UPAGRA's petition to enforce arbitration award in case A-05-1512, and orders SJS to pay Ana Delma Ramirez, Francisco Quiñones, Carlos Otero, Marisol Calero and Rafael Pichardo all unearned wages from November 14, 2004 to August 29, 2008, an additional amount equal to that which has not been paid to each of them, plus costs, interests, expenses and attorney's fees.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 17, 2010.

s/ Francisco A Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE